**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2683-21

STATE OF NEW JERSEY,

 Plaintiff-Respondent,

v.

JOHNNY BE JONES, III, a/k/a
JOHNNY BE JONES, JOHNNY
B. JONES, JOHNNY BERNARD
JONES and JOHNNY BERNARD
JONES III,

 Defendant-Appellant.

_____

Argued October 4, 2022 – Decided October 14, 2022

Before Judges Gilson and Rose.

On appeal from the Superior Court of New Jersey, Law Division, Essex County, Indictment No. 14-05-1287.

Alison Stanton Perrone, Deputy Public Defender, argued the cause for appellant (Joseph E. Krakora, Public Defender, attorney; Tamar Y. Lerer, Assistant Deputy Public Defender, of counsel and on the briefs).

Frank J. Ducoat, Special Deputy Attorney General/ Acting Assistant Prosecutor, argued the cause for

respondent (Theodore N. Stephens II, Acting Essex County Prosecutor, attorney; Frank J. Ducoat, on the brief).

PER CURIAM

Defendant Johnny Be Jones, III filed a timely pro se petition for post-conviction relief (PCR) and thereafter was assigned counsel by the Office of the Public Defender's (OPD) Conviction Integrity Unit (CIU).  The OPD failed to provide the trial file to PCR counsel, eventually acknowledging the file could not be located.  The Essex County Prosecutor's Office (ECPO) refused PCR counsel's request for all non-privileged pretrial discovery, which had been provided to trial counsel.  The PCR court denied defendant's ensuing motion to compel discovery, finding defendant failed to demonstrate "good cause" for production of discovery.  We granted defendant leave to appeal from the PCR court's March 28, 2022 order[1] and now reverse.

I.

In February 2016, an Essex County jury convicted defendant of murder, conspiracy, and related weapons offenses for his part in the stabbing death of a strip club dancer.  Defendant was sentenced to an aggregate sixty-year prison

---

[1] The court's decision is dated March 28, 2022, and the accompanying order is dated March 25, 2022, neither copy provided on appeal sets forth the Law Division's filing date.

term, with an eighty-five percent parole disqualifier subject to the No Early Release Act, N.J.S.A. 2C:43-7.2, on the murder conviction. Defendant appealed from his convictions and sentence, and we affirmed. State v. Jones, No. A-4707-16 (slip op. at 24) (App. Div. Dec. 9, 2019), certif. denied, 241 N.J. 159 (2020).

The facts are detailed in our prior opinion. Jones, slip op. at 1-7. In essence, the victim's body was found at a municipal dump site in January 2012, two months after she was killed. Id. at 3. Witnesses placed defendant at the strip club during the early morning hours of December 3, 2011, when the victim was last seen alive. Ibid. DNA evidence implicated defendant and his co-defendant, Brian Love, in the crime. Id. at 5. Thereafter, defendant and Love were charged in the same indictment. Ibid. Love pled guilty to second-degree manslaughter pursuant to a cooperating plea agreement and testified against defendant at trial. Ibid.

Defendant filed his pro se PCR petition in November 2020, asserting trial counsel was ineffective for failing to: (1) interview potential alibi witnesses; and (2) request lesser-included offenses. In March 2021, PCR counsel was assigned to represent defendant. The trial file was not included in the OPD's "initial shipment of material" to PCR counsel. Thereafter, PCR counsel repeatedly requested the missing file from the CIU. Each time, the CIU replied

3

it had requested the trial file from the OPD's regional office but had received no response.

Following the CIU's reply on June 14, 2021, and about one month after he had filed a notice of appearance on behalf of defendant, PCR counsel sought a copy of defendant's pretrial discovery from the State. In August 2021, the ECPO located its closed trial file, consisting of three bankers boxes. According to PCR counsel, the ECPO refused to "comply with [his] discovery request absent good cause." To date, PCR counsel has not filed a supplemental brief or petition on defendant's behalf.

Instead, in January 2022, PCR counsel filed a motion to compel discovery. In his supporting brief, PCR counsel argued he was unable to "properly represent [defendant] without reviewing discovery given the serious nature of this case." For example, PCR counsel was unable to "properly evaluate" the raised assertions in defendant's pro se petition. PCR counsel also stated that defendant had asked him "to provide . . . discovery" and "submit an investigation on his behalf regarding a state's witness."

Citing our Supreme Court's decision in State v. Szemple, 247 N.J. 82, 105 (2021), the State countered defendant failed to demonstrate "good cause warranting the production of discovery." The State asserted each of defendant's

proposed PCR contentions could be addressed via sources other than the trial file. The State also argued production of the trial file would necessitate "an enormous file review to remove any attorney work production, improperly wasting the State's time and resources." During oral argument before us, the State acknowledged production of the file would not be overly burdensome. Instead, the State maintained defendant had not demonstrated good cause under Szemple and State v. Marshall, 148 N.J. 89 (1997).

In his reply brief, PCR counsel noted defendant wished to assert a PCR claim, contending trial counsel was ineffective for failing to advise defendant about his potential sentencing exposure if convicted after trial. Before the return date for the motion, PCR counsel provided to the court and the State the OPD's February 16, 2022 correspondence, confirming "all efforts to locate the closed trial file ha[d] been exhausted."[2]

Following oral argument on March 14, 2022, the PCR court reserved decision. Thereafter, the court issued a written opinion, denying defendant's motion. The court was persuaded defendant failed to demonstrate good cause under the governing law. Noting defendant "essentially asked for all discovery

---

[2] Apparently, the State had requested a signed certification from an OPD representative, indicating the file had been lost. The PCR court accepted counsel's representation that the trial file was lost.

A-2683-21

that would have been provided prior to trial," the court concluded defendant's request was "exactly like the generic demand that was discussed in Szemple." Addressing defendant's pro se arguments, the court was convinced each contention could be supported by other sources within defendant's knowledge and control. As one example, the PCR court found defendant "knows more than the State about potential individuals who were with him during the incident."

We granted defendant's ensuing motion to appeal. Defendant now raises a single point for our consideration, reprising the contentions he asserted before the PCR court:

> THE STATE MUST PROVIDE DEFENDANT WITH A COPY OF THE DISCOVERY PROVIDED AT TRIAL BECAUSE NO MEANINGFUL [PCR] PROCEEDING CAN OCCUR WITHOUT THAT DISCOVERY.

More particularly, defendant argues trial discovery "is a fundamental starting point for any post-conviction review." Accordingly, defendant argues PCR counsel must first review the trial discovery before he can "meet . . . his professional and ethical obligations," thereby providing effective representation.

A-2683-21

II.

We review a decision on a motion for discovery prior to a PCR hearing under an abuse of discretion standard. See Szemple, 247 N.J. at 94; Marshall, 148 N.J. at 271. Similar to our review of the trial court's discovery decision made prior to or during trial, we "generally defer to a trial court's resolution of a discovery matter, provided its determination is not so wide of the mark or is not 'based on a mistaken understanding of the applicable law.'" State ex rel. A.B., 219 N.J. 542, 554 (2014) (quoting Pomerantz Paper Corp. v. New Cmty. Corp., 207 N.J. 344, 371 (2011)). The trial court's legal conclusions are reviewed de novo. State v. Nash, 212 N.J. 518, 540-41 (2013).

Post-conviction discovery requests are "not granted automatically." Szemple, 247 N.J. at 97. An "analysis of any motion for such discovery must therefore necessarily consider the proposed use to which the discovery would be put." Id. at 103. "[T]he State is not required post-conviction to allow defendants to '"fish" through official files for belated grounds of attack on the judgment, or to confirm mere speculation or hope that a basis for collateral relief may exist.'" Id. at 107 (quoting Marshall, 148 N.J. at 270). "In most cases, a post-conviction petitioner will be fully informed of the documentary source of the errors that he brings to the PCR court's attention." Marshall, 148 N.J. at 270.

PCR discovery "is not a device for investigating possible claims, but a means for vindicating actual claims." Ibid. (quoting People v. Gonzalez, 275 Cal. Rptr. 729, 776 (1990)).

Nonetheless, "New Jersey courts have 'the inherent power to order discovery when justice so requires.'" Id. at 269 (quoting State ex rel. W.C., 85 N.J. 218, 221 (1981)). This power may be invoked in a post-conviction proceeding, but discovery should be allowed "only in the unusual case." Id. at 270. "[W]here a defendant presents the PCR court with good cause to order the State to supply the defendant with discovery that is relevant to the defendant's case and not privileged, the court has the discretionary authority to grant relief." Ibid. "[A]ny PCR discovery order should be appropriately narrow and limited." Ibid.

Because the PCR court's decision in this case impacts PCR counsel's ability to adequately represent defendant, we summarize well-established principles that underscore the significance of PCR and PCR counsel's role in the proceeding. Our Supreme Court has long recognized the "rules governing [PCR] provide a built-in 'safeguard that ensures that a defendant was not unjustly convicted.'" Nash, 212 N.J. at 540 (quoting State v. McQuaid, 147 N.J. 464, 482 (1997)). Indeed, "[PCR] is a defendant's last opportunity to raise a

constitutional challenge to the fairness and reliability of a criminal verdict in our state system." State v. Feaster, 184 N.J. 235, 249 (2005).

In New Jersey, the right to the effective assistance of counsel extends to PCR counsel. See State v. Rue, 175 N.J. 1, 18-19 (2002). In addition to the constitutional right to counsel, "Rule 3:22-6(d) imposes an independent standard of professional conduct upon an attorney representing a defendant in a PCR proceeding." State v. Hicks, 411 N.J. Super. 370, 376 (App. Div. 2010). The Rule provides, in pertinent part:

> Counsel should advance all of the legitimate arguments requested by the defendant that the record will support. If [the] defendant insists upon the assertion of any grounds for relief that counsel deems to be without merit, counsel shall list such claims in the petition or amended petition or incorporate them by reference. Pro se briefs can also be submitted.
>
> [R. 3:22-6(d).]

Accordingly, "PCR counsel must communicate with the client, investigate the claims urged by the client, and determine whether there are additional claims that should be brought forward. Thereafter, counsel should advance all of the legitimate arguments that the record will support." State v. Webster, 187 N.J. 254, 257 (2006) (emphasis added); see also State v. Velez, 329 N.J. Super. 128, 134 (App. Div. 2000) (recognizing PCR counsel's obligation to conduct "an

exhaustive examination of the entire trial record" to "determine[] whether a viable attack might have been made on the underlying conviction").

For example, a defendant may suffer from ineffective assistance of counsel if his trial lawyer "fail[ed] to conduct an adequate pretrial investigation." State v. Porter, 216 N.J. 343, 352 (2013); see also State v. Pierre, 223 N.J. 560, 583 (2015) (concluding trial counsel's performance was deficient where "counsel chose to forego evidence that could have reinforced [the defendant's] alibi"). Thus, PCR counsel's review of the client's pretrial discovery is essential to determine whether trial counsel disregarded evidence that could have supported a defense. The appropriate remedy for an attorney's failure to provide effective assistance on PCR is a remand for a new PCR hearing. Hicks, 411 N.J. Super. at 376.

In the present matter, the PCR court determined defendant failed to demonstrate good cause for his pretrial discovery based, in part, on defendant's overly broad request, contrary to the principles articulated by our Supreme Court in Szemple. The circumstances here, however, are vastly different from those presented in that case.

In Szemple, the defendant sought post-conviction discovery in anticipation of a motion for a new trial almost thirty years after his conviction

and forty-three years after the victim was killed. 247 N.J. at 87-88. Acknowledging the defendant's request was limited, the Court nonetheless concluded the defendant "failed to support his discovery request with any explanation of his failure to raise the present issue before the trial court, during direct appeal, or at the time of his first PCR." Id. at 109. Accordingly, the Court concluded the defendant "fail[ed] to make the necessary showing of good cause under Marshall." Id. at 110.

Conversely, here, defendant's discovery request is not tethered to a potential claim of newly discovered evidence. The request was initiated by PCR counsel after defendant pro se asserted timely ineffective assistance of counsel claims against his trial attorney. Moreover, PCR counsel seeks production of defendant's pretrial discovery – all of which had been previously provided to trial counsel – so that PCR counsel can properly confer with defendant, investigate his pro se assertions, and "determine whether there are additional claims that should be brought forward." Webster, 187 N.J. at 257. PCR counsel should not be hamstrung by a narrow reading of Szemple. Even if the good cause standard under Szemple and Marshall applies here, however, we conclude the circumstances presented here satisfy that standard.

Further, the State should have undertaken a less restrictive position

11

consistent with its "primary duty," which "is not to obtain convictions, but to see that justice is done." State v. Smith, 212 N.J. 365, 402-03 (2012); see also State v. Garcia, 245 N.J. 412, 418 (2021) ("Prosecutors are required to turn square corners because their overriding duty is to do justice."). Indeed, the production of a defendant's lost pretrial discovery in a PCR matter is not unprecedented. See State v. Hannah, 248 N.J. 148, 167 (2021) (noting the prosecutor's office had forwarded to the defendant a replacement copy of his "case file, including trial discovery and transcripts," which had been lost during a prison lockdown).

Accordingly, we vacate the order under review and remand the matter to the PCR court to enter a scheduling order for: the State to produce all non-privileged pretrial discovery, which was previously provided to trial counsel; PCR counsel to file his supplemental submission; the State to file its responding brief; and defendant to file a reply brief, if any. All costs of production shall be borne by the OPD. We express no opinion on the merits of defendant's PCR claims.

Reversed and remanded. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-2683-21